UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON Q. HAMLETT, | Civil Action No. 15-7402 (MCA) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| CITY OF NEWARK, N.J. et al., | |
| Defendants. | |

**ARLEO, United States District Judge:**

I. **INTRODUCTION**

Plaintiff, currently incarcerated at Middlesex County Adult Correctional Center, has sought to bring the instant action *in forma pauperis* ("IFP") without prepayment of fees and has alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. The Court grants Plaintiff's application to proceed *in forma pauperis*. At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. As explained below, the Court dismisses with prejudice Plaintiff's Complaint as to the Newark Police Department dismisses the Complaint without prejudice as to the City of Newark.

II. **DISCUSSION**

a. **Standard for *Sua Sponte* Dismissal**

Under the PLRA, district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to

prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### b. **Plaintiff's Complaint Fails to State a Claim for Relief Against the Newark Police Department and the City of Newark**

In the caption of his Complaint, Plaintiff lists only "City of Newark, N.J. [P]olice [D]ept." From the outset, it is not entirely clear whether Plaintiff is attempting to sue both the Newark Police Department <u>and</u> the City of Newark or just the Newark Police Department. In either case, Plaintiff fails to state a claim for relief against these entities.

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

It is well-settled that a police department is not a "person" amenable to suit under § 1983. *PBA Local No. 38 v. Woodbridge Police Dept.*, 832 F. Supp. 808, 826 (D.N.J. 1993); *Ayala v. Randolph Township*, No. 12–7809, 2014 U.S. Dist. LEXIS 154213, at *18–19, 2014 WL 5503107 (D.N.J. Oct. 30, 2014). The Third Circuit has recognized that a municipal police department is "merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F.Supp.2d 255, 264 (E.D. Pa. 2001)); *see also* N.J.S.A. 40A:14–118 (providing that New Jersey police departments are "an executive and enforcement function of municipal government."). Accordingly, Plaintiff's § 1983 claim against the Police Department is dismissed with prejudice.

Plaintiff also fails to state a *Monell* claim against the City of Newark. "When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *see also McTernan v. City of York, PA*, 564 F.3d 636, 657 (3d Cir. 2009). Thus, under *Monell*, for municipal liability to attach, any injury must be inflicted by "execution of a government's policy or custom." *Santiago v. Warminster Tp.*, 629 F.3d 121, 135 (3d Cir. 2010) (citing *Monell*, 436 U.S. at 694). To satisfy the pleading standard for a *Monell* claim, a claimant "must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan*, 564 F.3d at 658 (citations omitted). Here, Plaintiff has not identified a custom or policy that led to the alleged violation(s) of his constitutional rights. As such, the Complaint is dismissed without prejudice as to the City of Newark. Because it is

conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2]

### III. CONCLUSION

For the reasons expressed herein, Plaintiff's Complaint is dismissed in its entirety. The Complaint is dismissed with prejudice as to the Newark Police Department. The Complaint is dismissed without prejudice as to the City of Newark. An appropriate Order follows.

_____
Madeline Cox Arleo, U.S.D.J.

Date: __Dec 10__, 2015

---

[2] Plaintiff's substantive claims appear to relate to (1) the circumstances surrounding his arrest by Newark Police and (2) allegedly unsanitary conditions at the jail where he was housed post-arrest. The details of Plaintiff's arrest are unclear, but Plaintiff appears to allege that that two officers arrested him without telling him why he was being arrested, and then gave unspecified individuals access to the building and took Plaintiff's keys from him. (ECF No. 1, Complaint at 5.) The Court notes that even if Plaintiff had named a proper defendant, his claims arising from his arrest fail to comply Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To the extent Plaintiff chooses to submit an amended complaint, he must address this deficiency and provide facts showing how the officers or other state actors violated his constitutional rights in connection with his arrest.